### A. P. DERRICK v. THE STATE.

*No. 859.    Decided December 8.*

1. **Dentistry—Practice of Without License—Information.**—An information for illegally practicing dentistry without a license, to be sufficient under provision of the Act of March 27, 1889, regulating such practice, must allege, in effect, (1) that the accused engaged in such practice without first having obtained a license from any board of examiners authorized to issue a license to practice dentistry in Texas; (2) that the accused engaged in the practice of dentistry for a fee or reward, without complying with the law in such case made and provided.

2. **Same.**—Under the Act of 1889, regulating the practice of dentistry, a license from any board of examiners for any judicial district in the State will entitle the licensee to practice in any county in the State where the same has been recorded.

3. **Same.**—See information held insufficient to charge the illegal practice of dentistry without license.

APPEAL from the County Court of Tyler. Tried below before Hon. E. B. MOORE, County Judge.

This appeal is from a conviction for practicing dentistry without having obtained a license, the punishment assessed being a fine of $100.

The information upon which the prosecution was based is set out in the opinion. A motion in arrest of judgment was made by defendant, upon the ground that the information charged no offense in law. This motion was overruled by the trial court.

*Gordon Bullitt*, for appellant.—The information is insufficient. Gen. Laws 1889, p. 90; The State v. Goldman, 44 Texas, 104.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE —This was a conviction for pursuing the occupation of dentistry without first obtaining a license from the board of examiners, as provided by chapter 80, Laws Twenty-first Legislature, 1889. The information charges, "that A. P. Derrick, on or about the first day of June, A. D. one thousand eight hundred and ninety-three, and before the filing of this complaint, in the county of Tyler and State of Texas, did then and there unlawfully engage in and pursue the occupation of a dentist, and did then and there practice dentistry in the said county and State for a fee, without first obtain-

ing from the board of examiners of the First Judicial District a license, against the peace," etc. It will be noticed, that the bill of information does not allege the residence of defendant to be in Tyler County, and (2) that, for a fee, defendant did practice dentistry in the county of Tyler without having a license from the examining board of the First Judicial District. Upon an inspection of the act providing for the practice of dentistry in this State, it provides for a board of examiners for each judicial district, but does not require that any one wishing to engage in the practice of dentistry shall procure the license of the board of the judicial district including the county of his residence; but a license from any board of the State would entitle him to practice in any judicial district of the State. Section 10 of the act provides, that any one practicing dentistry for a fee or reward without complying with provisions of said act shall be punished, etc. Section 12 provides, that the person obtaining said license shall record the same in the county of his residence. The act charged against defendant is, that he did practice dentistry in the county of Tyler without procuring a license from the examining board of the First Judicial District. Can not every word of the bill of information be true, and defendant guilty of no offense? Is it an offense to practice dentistry in Tyler County without a license from the board of examiners of the First Judicial District? We think not. Had the bill of information alleged the practice of dentistry for a fee without complying with the law in such case made and provided, or that he practiced dentistry without procuring a license from an examining board created under the law, it would have been good. We think the bill of information bad, and that the motion in arrest should have been sustained. The case will therefore be reversed and dismissed.

This disposition of the case makes it unnecessary to pass upon the other questions presented in the brief of appellant.

*Reversed and dismissed.*

SIMKINS, Judge, absent.